EUNICE S. HARRISON, PROSECUTRIX, v. STATE BOARD OF EDUCATION OF THE STATE OF NEW JERSEY, BOARD OF EDUCATION OF THE VOCATIONAL SCHOOLS OF MIDDLESEX COUNTY, AND WILLIAM J. MURRAY, DIRECTOR, DEFENDANTS.

Argued October 2, 1945—Decided July 31, 1946.

Before Justices Donges, Heher and Colie.

For the prosecutrix, *Harry V. Osborne.*

For the defendants, *William F. McCloskey (David T. Wilentz,* of counsel).

The opinion of the court was delivered by

Heher, J.  Prosecutrix complains of her dismissal as principal of the Girls Vocational School at Woodbridge.  After a hearing upon written charges of misconduct, the defendant Board of Education of Vocational Schools of Middlesex County found her "guilty of acts of insubordination, of conduct unbecoming a principal and a teacher and of exceeding her authority as principal" of the named school.

The charges, thirty-four in number, fall into three general categories, viz.: insubordination; conduct unbecoming a principal; and conduct in excess of authority.

The State Commissioner of Education reversed the judgment.  He found that "some" of the charges "are so trivial" as not to warrant the order of dismissal, even though well-founded in fact; that "other charges" are not sustained by the evidence, "and still other charges are not supported by sufficient evidence," and there was not "a rational and reasonable basis for appellant's dismissal."  The State Board of Education took a different view.  It determined that, while "some of the charges are trivial and by themselves of little moment," there was a series of acts of insubordination and

conduct "subversive of the discipline and morale of the school system" which constituted a sufficient basis for the judgment of dismissal.

Prosecutrix is removable from her position only for good and sufficient cause, and after a hearing upon written charges. She has the tenure of office prescribed by *R. S.* 18:13–16, *et seq.* This by virtue of chapter 150 of the Laws of 1941. *Pamph. L., p.* 494; *N. J. S. A.* 18:15–58.1.

Citing *Martin* v. *Smith*, 100 *N. J. L.* 50, the State Board seems to have considered the inquiry to be whether the finding of guilt has substantial support in the evidence. Such was the rule followed in *Redcay* v. *State Board of Education*, 130 *N. J. L.* 369; affirmed, 131 *Id.* 326. But prosecutrix held what would seem to be a county position; and under *R. S.* 2:81–8, this court is under a duty to weigh the evidence, and make its own independent determination of the facts, where *certiorari* issues to review the dismissal "of a person holding an office or position, state, county or municipal, from which he is removable only for cause and after trial, * * *." Of course, where, as here, the factual review is upon the record, we must perforce consider the distinct advantage had by the trial body of personal observation of the parties and the witnesses.

No good purpose will be served by an analysis of the evidence. It suffices to say that the proofs demonstrate a series of insubordinate acts and excesses of authority by prosecutrix, even after she had been cautioned by the local board that such conduct would not be countenanced. She flouted the authority of the director of the county vocational schools. She is guilty of acts which were manifestly designed to interfere with his administration, and that of the assistant director. And there was interference with administration wholly beyond her sphere of instruction. It is not a question merely of *bona fide* criticism of and disagreement with the policies and acts of her superiors, but rather of disobedience and refusal to observe the orders and directions of duly constituted authority. Some of the derelictions are serious, others not so serious. Taken as a whole, they evince a resentment of supervision, particularly at the hands of the director and assistant director, and

a willful refusal of submission to their authority, and on occasion to that of the board itself. We find it unnecessary to review the evidence touching all the charges of insubordination. We concur in the view of the State Board that prosecutrix' complaints to the United States Assistant Commissioner for Vocational Education were flagrantly insubordinate. Therein, she made unwarranted attacks upon her superiors, and their professional qualifications and administrative efficiency, and she thereby placed further federal aid for vocational education in jeopardy. She would not recognize the authority of the assistant director because she did not approve of his appointment. And she terminated a war production training program without authority; indeed, in defiance of authority. These are but a few of the proved instances of insubordination; and they establish the factual validity of the judgment of dismissal. The proofs reveal in general a challenging reluctance alien to the zeal and spirit of co-operation which should characterize the school principal's relations with her superiors. Discipline does not end at the teachers' level. The principal is under the selfsame obligation of respect and obedience to her superiors; it is not her province to resist the directions of the policy-making authority or the administrative head. The principal cannot command what she does not give. A deterioration of discipline at that level inevitably extends to the lower ranks, and a radical impairment of morale and efficiency is inevitable. We are only concerned with the truth of the charges; once guilt of misconduct has been established, the disciplinary action is exclusively within the domain of the local board. But it will not be amiss to say that continued willful insubordination is a serious offense.

The judgment of the State Board of Education, affirming the judgment of the local board, is accordingly affirmed, with costs.