53 N.J. Super. 60 (1958)
146 A.2d 491
RICHARD A. ZACHARIAE, APPELLANT,
v.
DIVISION OF THE NEW JERSEY REAL ESTATE COMMISSION IN THE DEPARTMENT OF BANKING AND INSURANCE, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1958.
Decided December 5, 1958.
*61 Before Judges PRICE, HALL and GAULKIN.
Mr. Julius Robinson argued the cause for appellant.
Mr. David M. Satz, Jr., Deputy Attorney General, argued the cause for respondent (Mr. David D. Furman, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by HALL, J.A.D.
Appellant, a licensed real estate broker, brings this appeal to review an order and determination of the Real Estate Commission (R.R. 4:88-8(a)) finding him guilty of conduct demonstrating bad faith and unworthiness in violation of R.S. 45:15-17(e).
This statute empowers the Commission, upon its own motion or the verified written complaint of any person, to investigate the conduct of any real estate broker, salesman or any person who assumes to act as such and authorizes suspension or revocation of license where the licensee is deemed to be guilty, inter alia, of "any conduct which demonstrates unworthiness, incompetency, bad faith or dishonesty." The penalty here imposed was suspension of license for four and one-half months, the execution of which has been stayed pending this appeal.
*62 The sole question involved is the sufficiency of the proofs before the Commission to support its findings of fact on which the ultimate conclusion of guilt was based. Appellant contends the evidence was inadequate. He does not contend that, if there were sufficient evidence to support the findings, the conduct thereby demonstrated would not amount to unworthiness or bad faith as these statutory terms have been construed. Goodley v. New Jersey Real Estate Commission, 29 N.J. Super. 178 (App. Div. 1954).
On a review of facts determined by an administrative agency, a judicial tribunal is confined to the question of whether the findings are supported by substantial evidence, i.e., such evidence as a reasonable mind might accept as adequate to support the conclusion (In re Application of Hackensack Water Company, 41 N.J. Super. 408, 418 (App. Div. 1956)) or, to express it differently, whether the evidence furnished a reasonable basis for the agency's action (In re Greenville Bus Co., 17 N.J. 131, 138 (1954)). In applying this settled principle in a case involving review of findings of the Real Estate Commission, this court said: "* * * we do not interfere with the finding if it is supported by adequate evidence." Middleton v. Division of the New Jersey Real Estate Commission, 39 N.J. Super. 214, 219-220 (App. Div. 1956). So the evidence and proceedings must be examined within this framework.
Appellant and his son-in-law, Frank L. Hanle, also a licensed broker, had been partners in the real estate business at Ship Bottom, Ocean County, for a number of years before 1954. They did business under the rather strange partnership designation of appellant's own name, "Richard A. Zachariae." In May 1954 Shadow Lawn Savings and Loan Association of Long Branch desired to retain the services of a competent real estate broker to act on its behalf in connection with placing and completing mortgage loans in southern Ocean County. The contemplated work involved appraisals of properties for which such loans were sought, as well as inspection reports on construction progress and completion. The association contacted Zachariae and, at its *63 request, he made an appraisal and submitted his qualifications and references. After favorable investigation by the association, he was engaged to do the work in the area at an agreed rate. For a brief period he personally made and signed the appraisals and reports.
Thereafter all the work was done and all the documents signed by Hanle in his individual name and with no reference to the partnership or Zachariae. The latter exercised no supervision over Hanle or his work and had no familiarity with it. Over a three-year period there were over 400 mortgage applications on which Hanle made such appraisals plus a much larger number of compliance inspections. Payments were made throughout by checks to the order of Richard A. Zachariae which were deposited in the partnership bank account.
In August 1957 a formal complaint was made before the Commission, at the instigation of the association, charging that three inspection reports made by Hanle in 1956, on the basis of which mortgage escrow funds were released to the borrowers, were false as to the extent of completion of the dwellings certified therein and that two appraisals made by him, on the strength of which the amounts of mortgage loans were determined, were grossly excessive in the recited square-foot floor area of the buildings. Hanle and a third broker named Wallace (not connected with the Zachariae partnership), who was the mortgagor and profited to the extent of $2,000 through the release of escrow monies as a result of one of the false inspection reports, were charged in the complaint with making false promises or substantial misrepresentations and conduct demonstrating unworthiness, incompetency, bad faith or dishonesty in violation of the statute. Zachariae was similarly charged on the sole basis "that he should have had knowledge of the conduct of the business conducted in his office by his partner and son-in-law."
A joint hearing was held with respect to Hanle and Zachariae. (We are not advised of the disposition of the charges against Wallace). The former was found guilty of unworthy conduct and bad faith on unquestionable proofs *64 and his license was suspended also for a four and one-half month period. He has not appealed.
As to Zachariae, the commission found that since he "personally solicited the servicing account from the association based upon his qualifications as to personal experience and reputation, * * * the Association had the right to expect that the services for which they paid would be, at least, supervised by Zachariae so that competent services would be rendered." It concluded that his "failing to personally perform the acts for which he was engaged * * * and failing to supervise the work performed by a representative of his office * * *" demonstrated bad faith and unworthy conduct. It will be noted that no mention is made of the single charge in the complaint alleging guilt merely on the basis that appellant "should have had knowledge" of the misconduct of his partner. (Appellant makes no point of the variance). We may say, however, that we see no basis here for imputing knowledge of the misconduct or disciplinary liability for it merely because of the partnership relation.
While there can be no question that Zachariae was originally engaged to perform the services personally, there is no evidence that he solicited the work. In fact, the proofs are quite to the contrary. After the first few appraisals made and signed by him, there is no contradiction that thereafter, for a three-year period, Hanle's work, over his signature only, was accepted by the association without question and no inquiry was made or objection raised as to his qualifications. Zachariae testified that, shortly after the beginning of the relationship, the association knew Hanle was doing the work, that all contacts were solely between Hanle and its officers, and, in fact, that a specific arrangement was made with the association under which it agreed to take Hanle's appraisals and reports in place of Zachariae's. This testimony was not contradicted or denied in any way. Moreover, the sworn complaint itself had stated that "Hanle was designated to act for the association in accordance with an understanding to this effect." There was no direct evidence by the vice-president of the association, who testified at the *65 hearing in its behalf, or any testimony from which it could be inferred, that the association, after it commenced to accept Hanle's own appraisals and reports, looked to Zachariae personally for services in any respect or expected or had any right to expect supervision or anything else from him. The only reasonable inference is that the association was entirely satisfied to rely solely on Hanle and his work. Nor is any contrary conclusion indicated, in view of such reliance, because the association vice-president said that he thought Hanle was only an employee and not a partner or because payments for the services were made by check to the order of Zachariae.
We therefore must hold that there was no adequate evidence to support the finding that appellant by failing to perform personally the work he was engaged to do and to supervise Hanle's work, was guilty of bad faith and unworthy conduct and the order and determination appealed from cannot be sustained.
The order and determination is reversed, but without costs. Our rules require that an appellant shall include in his appendix "such parts of the record as are essential to the proper consideration of the issues, * * * including such portions which the appellant reasonably assumes will be relied upon by respondents in meeting the issues raised." R.R. 1:7-1(f), 2:7-1. Here appellant printed only two and one-half pages of the testimony before the Commission which actually totalled over 70 pages and all of which was essential to a proper consideration of the issue raised. Respondent was therefore compelled to print it in an appendix of its own. Although not requested by respondent, appellant is directed to pay to respondent within 14 days of the date of filing of this opinion, the latter's actual cost of printing its appendix. The mandate shall not issue until respondent shall advise the clerk that such payment has been received. R.R. 1:7-2, 2:7-1. Lohmann v. Lohmann, 50 N.J. Super. 37, 53 (App. Div. 1958).