53 N.J. Super. 308 (1958)
147 A.2d 294
IN THE MATTER OF THE APPLICATION OF MARION BUS TRANSPORTATION CO. FOR APPROVAL OF MUNICIPAL CONSENT OF THE CITY OF JERSEY CITY FOR AN EXTENSION OF ITS PRESENTLY OPERATED MARION BUS ROUTE (P.U.C. ROUTE FILE NO. 206-269).
Docket No. 9919.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1958.
Decided December 29, 1958.
*309 Before Judges PRICE, SCHETTINO and HALL.
Mr. Robert H. Wall argued the cause for appellants (Mr. James H. Dowden, attorney; Mr. Wall, of counsel).
Mr. Howard T. Rosen, Deputy Attorney General, argued the cause for respondent, Board of Public Utility Commissioners (Mr. David D. Furman, Attorney General of New Jersey, attorney; Mr. Rosen, of counsel and on the brief).
Mr. Thomas J. Armstrong argued the cause for respondent, Marion Bus Transportation Co. (Messrs. Armstrong & Mullen, attorneys; Mr. Armstrong, of counsel).
The opinion of the court was delivered by SCHETTINO, J.A.D.
Appeal is taken from two orders of the Board of Public Utility Commissioners; the first, approving (pursuant to R.S. 48:2-14) the consent of the City of Jersey City for the operation of not more than 12 autobuses by the respondent Marion Bus Transportation Co., over an extension of an existing route; and the second, denying appellants' petition for oral reargument, reconsideration, and vacation and an application for a stay of the first order.
R.R. 4:88-13 permits us to review the findings of fact and make our own independent findings on an appeal from an administrative agency such as this. However, great weight must be placed upon the Board's action unless it has arrived at its findings by manifest violation of law or by a clear abuse of its discretion. We cannot disturb its findings where there is evidence which can reasonably support them. Fornarotta v. Board of Public Utility Comm., 105 N.J.L. 28, 33 (Sup. Ct. 1928).
In Zachariae v. Division of New Jersey Real Estate Commission, 53 N.J. Super. 60, 62 (App. Div. 1958), we stated:
"On a review of facts determined by an administrative agency, a judicial tribunal is confined to the question of whether the findings *310 are supported by substantial evidence, i.e., such evidence as a reasonable mind might accept as adequate to support the conclusion (In re Application of Hackensack Water Company, 41 N.J. Super. 408, 418 (App. Div. 1956)) or, to express it differently, whether the evidence furnished a reasonable basis for the agency's action (In re Greenville Bus Co., 17 N.J. 131, 138 (1954). In applying this settled principle in a case involving review of findings of the Real Estate Commission, this court said: `* * * we do not interfere with the finding if it is supported by adequate evidence.' Middleton v. Division of the New Jersey Real Estate Commission, 39 N.J. Super. 214, 219-220 (App. Div. 1956). So the evidence and proceedings must be examined within this framework."
Upon examination of the proceedings, we fail to find stated any essentially relevant finding which can be reviewed. New Jersey Bell Telephone Co. v. Communications Workers, etc., 5 N.J. 354, 378 (1950). A summary of the proceedings will indicate why we will have to remand for authentic and specific expressions of the Board's findings.
In February 1957 respondent received, on its application, a municipal consent to extend its bus route so as to make a direct one-fare service to Journal Square from the Lafayette section of Jersey City. The city stated that the public interest required the proposed extension. Respondent applied to the Board of Public Utility Commissioners for its approval pursuant to R.S. 48:2-14 which provides that its "approval shall be given when, after hearing, the board determines that the privilege or franchise is necessary and proper for the public convenience and properly conserves the public interests." Notices of protest were filed by several bus operators, including the appellants.
Approximately eight hearings, with voluminous testimony, were held before a hearing examiner designated by the Board. He filed his report and recommendations evaluating the testimony, made specific findings and concluded that although there would result from the requested extension incidental convenience to some passengers, he was of the opinion that adequate transportation service was being provided for them, that any additional operation would divert passengers from the then existing routes, with the result *311 that the existing service would be curtailed to some extent, and that public convenience and necessity did not require the extension. He also considered a 1955 application by respondent which had been denied. He noted that there had been no substantial change in the areas affected and only a very little change in the route since 1955. He therefore recommended that the Board deny its approval.
Exceptions were filed to his report and recommendations. Argument in support of the exceptions and in answer thereto were submitted to the Board in written briefs.
In its decision the Board described the proposed route extension, summarized the steps in the cause, and considered and denied a motion to incorporate the 1955 hearings and decision in the present hearing, "since each case must be decided on its own merit and record." It stated that its guiding principles are:
"* * * that the public convenience and necessity be a measure of action to be taken by it. It has, however, declared that public convenience and necessity includes the protection of existing carriers against prejudicial and unfair competition. This policy has been the Board's yardstick for measurement of, and in determining an action upon municipal consent, imposing where required, operational restrictions where such restrictions were not adverse to public convenience and necessity. Experience has justified the policy."
The Board further stated that the hearing examiner had:
"* * * in preparation of his Report and Recommendations, attached too much weight to the latter part of the Board's policy and insufficient weight to that part of the Board's policy dealing with the public convenience and necessity. In weighing the relative importance of these two factors, primary consideration must be given to public necessity and convenience."
It then concluded:
"The Board, after reviewing the record, exhibits, testimony, memoranda and briefs in this matter, is satisfied that the record indicates that public convenience and necessity requires a direct service to the Journal Square area from points on the present route of Applicant, and points on the extension proposed herein, and that the operation of the autobuses on the extension of route as herein *312 applied for is in the public interest, and, therefore, approves the municipal consent of the City of Jersey City for the operation of not more than twelve (12) autobuses over the route for the fares and subject to the restrictions as outlined in schedule `A' attached hereto, and made part hereof."
Thereafter, appellants filed a petition for oral reargument, reconsideration of the Board's approval, vacation of the approval order, and for a stay against the operation of the approval order. Their grounds were that the Board's failure to recite in its decision the factual bases and reasons for its order violated petitioners' constitutional rights; that the absence of any factual findings prevented (a) appellants from pursuing an intelligent appeal and (b) the appellate court from intelligently reviewing the Board's actions; and that the Board's failure to evaluate for the record any of the testimony of any of the witnesses violated a basic cardinal principle of administrative law. Appellants also set forth their analysis of the testimony. They concluded that the Board's approval was not justified.
The Board, holding that petitioner had not shown good cause, denied the various requests for relief and entered the second order referred to above from which an appeal is taken.
We hold that the Board was in error when it denied the petitioners' request for an evaluation of the testimony and for specific findings. In the case of In re Greenville Bus Co., 17 N.J. 131, 146 (1954), Mr. Justice Jacobs stressed the importance of such findings, pointing out that they not only insured a responsible and just determination by the Board but they also furnished a proper basis for the judicial review which is afforded by the statutes and the rules. Davis, Administrative Law (1951), referred to in that opinion, states (at page 527) the practical reasons for requiring the making of findings of fact: to facilitate judicial review, to avoid judicial usurpation of administrative functions, to assure more careful administrative consideration, to help litigants plan their cases for rehearing and for judicial review, and to keep administrative agencies within their jurisdictions.
*313 One of the grounds for appeal in Greenville was that the Board failed to make necessary basic and ultimate factual findings. The court noted (17 N.J. at pages 136-137):
"* * * In its decision it set forth the testimony in support of the application; it referred to the adverse testimony of Mr. Cone as being based largely `on assumptions and mathematical calculations on these' and expressed the view that it `was not as convincing as that of the public witnesses who appeared in person in support of the application'; and it rejected testimony by Mr. Judge based on dispatch sheets which had been prepared in advance and which contained numerous erasures and corrections which `were never satisfactorily explained.' It expressly found and determined from the evidence that (1) public convenience and necessity required the additional service; (2) the objectors had failed to show that additional substantial competition would result from approval of the application; (3) the operation of six of the ten buses as authorized by the municipal consent on the proposed route was `necessary and proper for public convenience and that said consent properly protected the public interest'; and it therefore granted approval of the municipal consent for the operation of six buses, subject to the restriction and condition outlined in the schedule annexed to the decision."
Mr. Justice Jacobs stated that, in the light of the stated principles (17 N.J. at page 147):
"* * * the board might well have set forth in greater detail the basic factual determinations upon which its ultimate conclusions rested. Nevertheless, its formal decision did clearly summarize testimony supporting the application, describe and reject testimony in opposition, and find: (1) that public convenience and necessity required the additional service; (2) that there was no showing that additional substantial competition to existing services would result, and (3) that operation of six of the ten buses as authorized by the municipal consent was necessary for the public convenience and that said consent properly protects the public interest. The controlling issues presented and the board's views thereon were not left in any doubt, * * *." (Emphasis added)
The court concluded that under the circumstances the findings could fairly be considered sufficient to withstand attack on appeal.
At oral argument, Mr. Armstrong represented to us that the Board's order in Greenville was the same in form and substance as the approval order here under attack. An *314 examination of the Supreme Court record in Greenville shows that the Board's order goes from pages 24a through 30a, inclusive, and its substance is as set forth by Mr. Justice Jacobs.
In the present case the Board's order covers pages 16a through 19a, inclusive. Unlike the Greenville order, the order here contains no summary of the testimony supporting the application, no description and rejection of the testimony in opposition and no findings of fact upon which it is based. The order lacks necessary basic and ultimate findings. It contains nothing but ultimate conclusions without stated bases in fact. We cannot ascertain whether or not the Board's decision is sustainable. Mr. Justice Cardozo stated: "We must know what a decision means before the duty becomes ours to say whether it is right or wrong." United States v. Chicago, M., St. P.R.R. Co., 294 U.S. 499, 511, 55 S.Ct. 462, 79 L.Ed. 1023, 1032 (1935).
We have been urged to make our own findings upon the record. The field of public utility regulation is a highly complex one. The Legislature has allocated to those highly experienced the obligation and prerogatives of rendering judgment. On the basis of this record it is not appropriate for us to make our own findings of fact. Cf. New Jersey Bell Telephone Co. v. Communications Workers, etc., 5 N.J. 354, 378 (1950); Davis, supra (at page 528).
In order to expedite the ultimate conclusion of the appeal, we are remanding the record to the Board so that it will make the necessary findings, meanwhile retaining the appeal. The Board will make its findings within 30 days of the mandate. Appellants will have seven days after service of a copy of the Board's findings to file, in typewritten form, the necessary copies with this court, and will file within seven days thereafter the required number of copies of a supplemental brief in typewritten form. Respondents will have seven days after service of a copy of appellants' brief to file answering briefs in typewritten form. The appeal will be thereafter set down for further argument and all *315 issues properly raised will be considered, including the claim that the denial of the similar application in 1955 precluded approval of the present one.
We emphasize the requirements of findings of fact as set forth by Mr. Justice Burling in N.J. Bell Co., supra (5 N.J., at page 375) wherein is quoted from the opinion in Saginaw Broadcasting Co. v. Federal Communications Comm., 68 App. D.C. 282, 96 F.2d 554, 559 (D.C. Circ. 1938); cert. denied sub nom. Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391 (1938), the following:
"In discussing the necessary content of findings of fact, it will be helpful to spell out the process which a commission properly follows in reaching a decision. The process necessarily includes at least four parts: (1) evidence must be taken and weighed, both as to its accuracy and credibility; (2) from attentive consideration of this evidence a determination of facts of a basic or underlying nature must be reached; (3) from these basic facts the ultimate facts, usually in the language of the statute, are to be inferred, or not, as the case may be; (4) from this finding the decision will follow by the application of the statutory criterion."
These comments and the above quoted references to Greenville completely spell out the Board's duties.
Remanded for proceedings not inconsistent with this opinion, costs on this appeal to be determined on final argument.