63 N.J. Super. 424 (1960)
164 A.2d 806
JOSEPH E. CONNELLY, PLAINTIFF-RESPONDENT,
v.
HOUSING AUTHORITY OF THE CITY OF JERSEY CITY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1960.
Decided October 27, 1960.
*425 Before Judges CONFORD, FOLEY and HALPERN.
Mr. Harry Indursky argued the cause for the appellant.
Mr. Nicholas S. Schloeder argued the cause for the respondent.
*426 The opinion of the court was delivered by HALPERN, J.C.C. (temporarily assigned).
This appeal challenges a decision of the Superior Court, Law Division, Hudson County, which reinstated plaintiff as executive director, secretary and treasurer of the defendant housing authority upon a finding that charges of alleged misconduct were insufficient to support his dismissal. The issues are whether the trial court possessed the power to reinstate plaintiff after ruling that some of the charges had been proven and that one involved an act of "serious insubordination," and, if so, whether such power was properly exercised.
Plaintiff is a Navy veteran of World War II, entitled to job protection under the Veterans' Tenure Act, R.S. 38:16-1, as amended by L. 1942, c. 83, which provides that no honorably discharged war veteran holding a salaried state, county or municipal position of indeterminate term "* * * shall be removed from such employment, position or office, except for good cause shown after a fair and impartial hearing, but such person shall hold his employment, position or office during good behavior, and shall not be removed for political reasons. * * *"
Plaintiff was suspended by the authority on May 22, 1959, without the filing of any charges or a hearing. He commenced this suit attacking the suspension and asserting his status as a veteran. Thereafter, the authority filed five specific charges against him, conducted a hearing, and discharged him permanently on July 9, 1959. He then supplemented his original complaint to allege that the evidence adduced at the hearing failed to establish the validity of the charges, and that they were insufficient to support the penalty imposed.
The charges were essentially that:
(1) on or about December 1, 1958, he failed to keep an appointment with certain representatives from the New York office of the Public Housing Administration and the chairman of the authority;
*427 (2) when asked at the authority meeting of December 4, 1958 to explain the above absence, he refused to do so and expressed contempt for the Public Housing Administration staff;
(3) at the same December 4, 1958 meeting he criticized commissioners of the authority for allegedly interfering with his conduct of the office by overruling his decisions on request of subordinates;
(4) he failed to attend the authority's annual meeting on May 18, 1959 and gave no excuse therefor; and
(5) he took three days annual leave, May 19 through 21, 1959, without prior approval of or notice to the authority.
The trial court, reviewing a transcript of the hearing, found that charges 1, 4 and 5 were proven or admitted, but that the acts involved were trivial and excusable in nature. No useful purpose will be served by detailing the uncontradicted explanations offered by plaintiff except to comment that there is a serious question whether charges 1 and 5 involved any acts of misconduct at all. It is sufficient for the purposes of this decision to adopt the trial court's description of these acts.
We agree with the trial court that the criticism of the commissioners alleged in charge 3 was not improper conduct in light of the facts adduced with respect thereto. See Rinaldi v. Mongiello, 7 N.J. Super. 410 (Law Div. 1949), affirmed on opinion below, 6 N.J. Super. 387 (App. Div. 1950).
The authority relies heavily on the trial court's findings in reference to charge 2. The latter part of that charge alleging that plaintiff voiced contempt for the federal officials was not specifically proven, but the refusal to explain the facts pertaining to charge 1 was termed by the trial court an act of "serious insubordination." The authority contends the trial court was without power to revoke the punishment except on a clear showing that it abused its discretion and that its action was arbitrary and capricious. To be decided here is the degree of evidence necessary to support *428 a discharge, the authority arguing that the evidence presented of misconduct was sufficient, and respondent contending that the circumstances as a whole must show the discharge to be reasonable.
In support of its argument, the authority cites a number of cases which establish the "substantial evidence rule" that decisions of administrative bodies will not be disturbed on judicial review when the evidence before the agency furnishes a reasonable basis for its action. In re Greenville Bus Co., 17 N.J. 131 (1954); Hasbrouck Heights v. Div. of Tax Appeals, 54 N.J. Super. 242 (App. Div. 1959); In re Marion Bus Transp. Co., 53 N.J. Super. 308 (App. Div. 1958); Zachariae v. New Jersey Real Estate Comm'n, 53 N.J. Super. 60 (App. Div. 1958). These cases are readily distinguishable, however, and the "substantial evidence rule" cannot be applied here because the underlying factor of special expertise on which it is founded is not present. The above-cited cases involved appeals from the approval of new bus routes by the Public Utilities Commission, the suspension of a broker's license by the Real Estate Commission, and a judgment of the Division of Tax Appeals relating to assessments. They are classical examples of the exercise of quasi-judicial functions by administrative agencies possessing expertise in specialized fields. Since cases involving the disciplining of a public officer or employee ordinarily involve no expertise, we are returned to the fundamental premise of substantial justice as the standard of judicial review. Russo v. The Governor of State of New Jersey, 22 N.J. 156, 169 (1956).
Other cases cited by the authority were appeals from decisions of the Civil Service Commission. East Paterson v. Civil Service Dept. of N.J., 47 N.J. Super. 55 (App. Div. 1957); Dutcher v. Department of Civil Service, 7 N.J. Super. 156 (App. Div. 1950). Under the applicable civil service statutes the function of reviewing disciplinary action by local governing agencies is vested in the Civil Service Commission. N.J.S.A. 11:2A-1; R.S. 11:15-1 *429 to 11:15-6. We are here dealing with the Veterans' Tenure Act which, in conjunction with R.R. 4:88-2, places the review function in the Superior Court, Law Division. The above cited cases deal with the power and function of the Appellate Division in judicially reviewing determinations by administrative agencies, under R.R. 4:88-8, and have no application in the instant case.
Under R.R. 4:88-13 the trial court had power to review the facts and make independent findings thereon to such extent as the interests of justice required. Rinaldi v. Mongiello, supra. The authority's conduct of this hearing required the broadest application of this rule. The commissioners not only performed the duties of judge and jury, but were in fact the only witnesses against plaintiff. They testified and then returned to their seats as commissioners and passed judgment on their own testimony. This observation is not made in criticism of the commissioners. The Legislature allowed for no alternative. Nevertheless, the patent dangers in this kind of procedure were recognized in Drozdowski v. Sayreville, 133 N.J.L. 536 (Sup. Ct. 1946), and cases cited therein, which stand at least for the rule that the entire situation should be reviewed very carefully on appeal. See Mackler v. Bd. of Education of City of Camden, 16 N.J. 362 (1954). In the line of cases holding administrative agencies to possess broad discretionary powers, the defendants ordinarily are total strangers to those who are exercising the discretion, and the offenses involved are against the public at large rather than against individual members of the agencies.
We are fully aware of apparently strong comments by the court in Harrison v. State Board of Education, 134 N.J.L. 502 (Sup. Ct. 1946), where a reinstatement by the Commissioner of Education was held to be improper and it was said, "we are only concerned with the truth of the charges; once guilt of misconduct has been established, the disciplinary action is exclusively within the domain of the local board." 134 N.J.L., at p. 505. There, numerous *430 incidents of misconduct had been proven, and they clearly were sufficient to support a discharge. Certainly, the employing agency is empowered to impose whatever penalty is supported by the proofs, and no reviewer may arbitrarily change it. The situation was similar in Russo v. The Governor of State of New Jersey, supra. But where, as here, the question is not only whether the charges were proven true but also whether they were substantial enough reasonably to support a discharge, we see no relevancy in comments from cases where the latter question already had been answered in the affirmative.
The Veterans' Tenure Act requires more than a pro forma filing of charges and hearing. It specifically declares that removal shall not be ordered "except for good cause shown." Full effectuation of that policy requires judicial evaluation of the seriousness of the charges to determine the justification for removal. The trial court properly found that the proven charges, taken singly or collectively, did not reach the level of "good cause" for removal.
Affirmed.