**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1618-17T4

JUAN HADDOCK,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 30, 2018 – Decided  November 8, 2018

Before Judges Rothstadt and Natali.

On appeal from the New Jersey Department of Corrections.

Juan Haddock, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Michael E. Vomacka, Deputy Attorney General, on the brief).

PER CURIAM

Juan Haddock, an inmate currently confined in Northern State Prison, appeals from a September 27, 2017 final administrative decision by the Department of Corrections (DOC) finding that he committed prohibited act *.204, use of any prohibited substance such as drugs, intoxicants, or related paraphernalia not prescribed for the inmate by the medical or dental staff, contrary to N.J.A.C. 10A:4-4.1(a). Haddock was sanctioned to 365 days of urine monitoring, 150 days of administrative segregation, 100 days loss of commutation time, twenty days loss of recreation privileges, and loss of contact visits. He was also referred to Alcoholics/Narcotics Anonymous. We affirm.

Haddock was housed in a cell with another prisoner when a Correction Major ordered a search of the cell and also directed Haddock and his cellmate to provide a urine sample. Haddock's urine sample tested positive for opiates, a banned substance.

As a result of the positive test result, Haddock was charged with the *.204 violation. Haddock pled not guilty and requested substitute counsel. The matter proceeded to a disciplinary hearing where Haddock challenged the proofs establishing continuity of the urine evidence and further claimed he was improperly ordered to submit to a urine sample without probable cause.

2

The hearing officer considered evidence from Haddock and the correctional facility. The evidence submitted by the parties included Haddock's statement, a laboratory report confirming his positive urine test, and documentation that a Correction Major ordered Haddock and his cellmate to provide urine samples.

In addition, the hearing officer considered a continuity of evidence (COE) form, which established that Haddock's urine was collected, labeled, tested on-site, transferred and retested at the DOC laboratory. Further, the form contained Haddock's and a corrections officer's signature confirming that Haddock's urine sample was "[c]losed, sealed and labeled in [their] presence." The hearing officer also considered written statements from two corrections officers clarifying that they mistakenly signed the COE form in the wrong section. Finally, the hearing officer noted that Haddock did not deny that the sample was his or that he used drugs.

The hearing officer found Haddock guilty of the *.204 charge. After an administrative appeal, the Assistant Superintendent upheld the charges and sanctions.

On appeal, Haddock argues, as he did before the hearing officer, that the "request for a urine specimen was not based on probable cause" and the

DOC "violated the provisions relating to the collection and storage of urine specimens." We are unpersuaded by these arguments and affirm because the record contains substantial credible evidence that the corrections officers ordered and secured Haddock's urine sample in accordance with the relevant regulations.

We reverse an administrative agency decision "only if it is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). Substantial evidence is evidence that "furnish[es] a reasonable basis for the agency's action." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002) (citing Zachariae v. N.J. Real Estate Comm'n, 53 N.J. Super. 60, 62 (App. Div. 1958)). Substantial evidence has also been defined as evidence that "a reasonable mind might accept as adequate to support a conclusion." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). The burden rests on the challenging party to show the administrative agency decision was arbitrary, capricious, or unreasonable. McGowan, 347 N.J. Super. at 563 (citing Barone v. Dep't of Human Servs.,

Div. of Med. Asst., 210 N.J. Super. 276, 285 (App. Div. 1986)). We do not perform a perfunctory review of the agency findings but engage in a careful and principled examination. Williams v. Dep't of Corr., 330 N.J. Super. 197, 203-04 (App. Div. 2000) (quoting Mayflower Sec. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

A prison disciplinary hearing "is not part of a criminal prosecution and thus the full panoply of rights due a defendant . . . does not apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). We have recognized that "[p]risons are dangerous places," Jackson v. Dep't of Corr., 335 N.J. Super. 227, 233 (App. Div. 2000) (quoting Blyther v. N.J. Dep't of Corr., 322 N.J. Super. 56, 65 (App. Div. 1999)), so "courts must afford appropriate deference and flexibility to corrections officers trying to manage a volatile environment." Ibid. (citing Blyther, 322 N.J. Super. at 65). Further, we have held that "the requirement of probable cause, or even showing of reasonable suspicion prior to drug testing [may] be impractical in [the] prison context." Hamilton v. N.J. Dep't of Corr., 366 N.J. Super. 284, 291 (App. Div. 2004).

Haddock claims a denial of his due process rights because the DOC lacked probable cause to order him to provide a urine sample. We disagree.

N.J.A.C. 10A:3-5.10(b)(8) provides that "[i]nmates shall be tested" for prohibited substances "[w]hen the Administrator, Associate Administrator, Assistant Superintendent, <u>or a Correction Major</u> orders all inmates of a particular housing unit . . . to be tested" (emphasis added). Here, the record confirms that a Correction Major ordered Haddock and his cellmate, part of a "housing unit," to provide a urine sample. <u>See</u> N.J.A.C. 10A:1-2.2 ("'Housing unit' means a cell . . . within a correctional facility.")

Haddock's reliance on N.J.A.C. 10A:3-5.10(b)(6) is misplaced. That provision permits an inmate to be tested only when "a custody staff member of the rank of Sergeant or above or a Special Investigations Division Investigator believes . . . <u>there is a reasonable factual basis</u> to suspect the inmate of using . . . a non-alcoholic prohibited substance . . . ." N.J.A.C. 10A:3-5.10(b)(6) (emphasis added). As we have concluded, the DOC properly ordered a test of Haddock's urine pursuant to sub-section (b)(8), which permits testing without the suspicion required by sub-section (b)(6).

We similarly reject Haddock's challenge to the continuity of evidence. When testing for a prohibited substance, a "Continuity of Evidence-Urine Specimen or . . . Continuity of Evidence-On Site Urine Specimen Testing" form "shall be completed and maintained with the specimen." N.J.A.C. 10A:3-

5.11(e). "For initial laboratory and confirmatory laboratory testing of a urine specimen, the labeled specimen shall immediately be closed and sealed in the presence of the inmate by the custody staff member or other authorized staff member." N.J.A.C. 10A:3-5.11(f)(4).

We conclude the administrative decision was supported by substantial credible evidence. The correctional facility presented Haddock's positive urine test results and documentary evidence, including a fully executed COE form, that confirmed Haddock's sample was obtained, stored, transferred and tested consistent with applicable regulations that ensured the integrity of the sample and the test results.

There is no evidence in the record to contest the findings by the DOC or support a conclusion that the final decision was arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1618-17T4