**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1403-16T2
      A-3953-17T2

IN THE MATTER OF VINCENT
FISCELLA, JR., TOWNSHIP OF
BELLEVILLE, DEPARTMENT
OF PUBLIC WORKS.

_____

Argued March 6, 2019 – Decided March 29, 2019

Before Judges Nugent and Reisner.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2016-2674 and 2018-1674.

Victoria A. Lucido and Brian J. Aloia argued the cause for appellant Vincent Fiscella, Jr., in A-1403-16 and respondent Vincent Fiscella, Jr., in A-3953-17 (Aloia Law Firm LLC, attorneys; Brian J. Aloia, of counsel and on the brief; Victoria A. Lucido, on the briefs).

Jeffrey R. Merlino argued the cause for respondent Township of Belleville in A-1403-16 and appellant Township of Bellville in A-3953-17 (Sciarrillo, Cornell, Merlino, McKeever & Osborne, LLC, attorneys; Jeffrey R. Merlino, of counsel and on the brief; Nicholas F. Savio, on the briefs).

Debra A. Allen, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Gurbir

S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Debra A. Allen, on the brief).

PER CURIAM

This appeal involves the discipline of petitioner, Vincent Fiscella, Jr., a former laborer in the Township of Belleville Department of Public Works. Respondent, Township of Belleville (the Township), charged Fiscella with two offenses, suspended him without pay, and subsequently terminated his employment. Following a hearing in the Office of Administrative Law (OAL), an Administrative Law Judge (ALJ) found the Township had not proven the two disciplinary charges. The Civil Service Commission (the Commission) upheld the ALJ's decision as to one charge, determined Fiscella had committed the other, but modified the sanction and imposed a formal written reprimand. The Commission denied Fiscella's request for reconsideration but ultimately awarded him fifty percent of his counsel fees for having prevailed on one of the disciplinary charges.

Fiscella appeals the Commission's final administrative action denying reconsideration of its decision to uphold one of the disciplinary charges. He challenges as arbitrary and capricious the Commission's finding that he was insubordinate for failing to attend a medical appointment scheduled by a case

2

manager for the Township's workers' compensation carrier. He also challenges the fee award as inadequate. The Township appeals the amount of the fee award, arguing it is excessive. For the reasons that follow, we reverse the Commission's decision upholding the disciplinary charge, affirm its award of fees, and remand for consideration of additional counsel fees in light of the dismissal of the second disciplinary charge.

I.

The parties developed at the OAL hearing the following proofs relevant to the disciplinary charges at issue on this appeal. Fiscella injured his mid and low back while lifting a heavy object during the course of his employment on Monday, May 5, 2014. A co-employee drove Fiscella to Clara Maass Hospital Medi-Center where he was evaluated, told not to return to work, and given a follow-up appointment for the following Thursday, May 8. The parties do not dispute the Township's workers' compensation carrier assumed management of Fiscella's medical treatment.

Fiscella returned to the Medi-Center a day early, Wednesday, May 7, due to the intensity of his pain. The doctors kept Fiscella out of work and rescheduled a follow-up appointment for Monday, May 12.

A-1403-16T2

During Fiscella's appointment on May 12, the doctor said he could return to work with restrictions. He could not lift, push, or pull objects weighing more than fifteen pounds. He could not sit, stand or walk more than fifteen minutes at a time. The doctor also prescribed six pills.

Fiscella had concerns about returning to work on restricted duty and about taking the medication. He had been injured in an accident at work the previous year and informed there was no light duty for laborers. He had also undergone gastric bypass surgery. Since his surgery, certain combinations of medication caused him severe stomach distress. He wanted to confer with his own doctor before taking the pills the workers' compensation doctor had prescribed.

To satisfy his concerns, Fiscella made some telephone calls. He spoke with his supervisor at work and explained that he was still in pain and wanted to see his own doctor. He also asked if he had sick time. The supervisor said the Township could accommodate Fiscella's work restrictions, but he also said Fiscella could use his sick time. Fiscella requested sick time for Tuesday, May 13, through Friday, May 16, and the Township approved his request. When Fiscella asked to see his own physician, the supervisor did not indicate there would be anything inappropriate about his doing so.

A-1403-16T2

Fiscella also spoke to a clinic case manager for the workers' compensation carrier. He informed her he had asked his supervisor for sick time for the remainder of the week. He also told her he was treating with his own doctor. She did not say he was not allowed to do so, but did say that if he saw his own doctor the workers' compensation case would be closed. She also told him that if he went through his own doctor, he would have to pay.[1]

The next day, Wednesday, May 14, Fiscella saw his personal physician. His doctor said not to take the medication prescribed at the Medi-Center because it would be too strong. The doctor prescribed a lighter dose that would be easier on Fiscella's stomach. He also scheduled Fiscella for Magnetic Resonance Imaging the next day. Fiscella paid for these medical services.

After the appointment with his doctor on Wednesday, Fiscella drove to the Township Office Manager's office and dropped off a slip from his doctor excusing him from work for the remainder of the week. Fiscella also picked up his authorized leave report from the Township. No one from the Township

---

[1] Several weeks later, a representative from the workers' compensation carrier confirmed in writing a June 3, 2014 conversation in which Fiscella said he did not wish to seek treatment through workers' compensation. The representative wrote, "Your file will be closed at this time."

suggested to him there was anything improper about taking sick leave for the remainder of the week or seeing his own physician.

Fiscella remained out of work, as authorized, through Friday, May 16. When he returned on Monday, May 19, he was served with a PNDA (the May PNDA). The May PNDA charged Fiscella with, among other things, working while he was out on sick leave. As previously noted, the charges later proved to be unfounded. However, based on those charges, the Township suspended Fiscella without pay effective May 13, 2014 – the first day of his Township-approved sick leave – and informed Fiscella the Township was seeking his removal from office.

Following his suspension, Fiscella did not attend his medical appointment with the workers' compensation doctor later that day, an appointment that had been scheduled on May 12. Nobody asked Fiscella at the OAL hearing why he did not attend the exam.[2] Fiscella's attorney did ask what Fiscella expected would happen at the appointment. Fiscella "guessed" they would have changed the restrictions because he was feeling better. His attorney then asked if Fiscella

---

[2] The ALJ's findings included this: "On May 19, 2014, appellant had a follow-up appointment at 10:00 a.m. at the Workers' Compensation Clinic. Appellant's testimony that he did not go to the appointment after receiving the PNDA because he was upset is believable." Fiscella gave no such testimony.

found work with another employer after being suspended. Fiscella said he did, at the end of June or early July.

On June 3, the workers' compensation carrier closed the workers' compensation file. Two days later, on June 5, the Acting Township Manager – who had made the decision to file the May PNDA – decided to file a second PNDA (the June PNDA). He was unaware on May 19, the date of Fiscella's exam with the workers' compensation doctor, whether Fiscella kept the appointment. It is not entirely clear when he learned Fiscella did not keep it. Nonetheless, he decided to file the June PNDA. He charged Fiscella with insubordination, N.J.A.C. 4A:2-2.3(a)(2), and other sufficient cause, N.J.A.C. 2-2.3(a)(12). The charges specified:

> You failed to attend the scheduled Workers' Compensation appointment scheduled on 5/19/14 with Barnabas Health Corp., nor have you scheduled a follow up appointment with regards to your injury of 5/5/14.
>
> As an employee, you have an obligation to play an active role in your recovery and efforts to return to work.

After the close of the evidence at the OAL hearing, the ALJ found the Township had not sustained the charges in either PNDA. The Township filed exceptions. In a January 19, 2016 decision, the Commission adopted the ALJ's

A-1403-16T2

Findings of Fact, upheld the charges in the June PNDA, and modified the disciplinary action to a written reprimand. After recounting the ALJ's findings and the parties' arguments, the Commission stated its decision concerning the charges in both PNDAs. As to the June PNDA charges, the Commission explained:

> [E]ven though the ALJ credited the appellant for his explanation that he did not attend his Workers' Compensation appointment since he was upset at receiving a PNDA, that excuse does not negate the fact that he was required to attend the appointment. Accordingly, the Commission finds that the appellant's failure to attend his required Workers' Compensation appointment was improper and upholds the charges of insubordination and other sufficient cause for this offense.

Noting Fiscella was guilty of no other infractions and had no prior disciplinary history, the Commission found that an official written reprimand was the appropriate penalty for Fiscella's failure to attend the medical examination. The Commission also found that because the penalty had been reduced, Fiscella was entitled to "mitigated back pay, benefits and seniority." Last, because Fiscella had prevailed on the most serious charge, "leaving only incidental charges which give rise to a significantly reduced penalty," the Commission awarded Fiscella fifty percent of his counsel fees. The Commission

8

directed the parties to make a good faith attempt to resolve outstanding issues, including the monetary amount of the counsel fees.

Fiscella wrote to the Commission and requested it reconsider its decision. Fiscella pointed out his non-appearance for the medical appointment was not a violation of any order, statute, rule or Township policy. Fiscella also requested additional counsel fees. In a written decision, the Commission denied Fiscella's request for reconsideration.

The Commission cited a section of the Township's Employee Manual (the Manual), which states, "[a]ll required medical treatment must be performed by a workers' compensation physician appointed by the Township and unauthorized medical treatment may not be covered under the [Workers' Compensation] Act." The Commission added that Fiscella "knew that he was obligated to attend the appointments with the Workers' Compensation Doctor as he in fact scheduled the appointment. Further, there is not any evidence that the appointing authority specifically advised him that it was acceptable for him to skip his appointment if he was seeing his own doctor." Last, the Commission noted the June PNDA was served June 5, 2014, so "even if [Fiscella's] argument is accepted that he was 'in shock' on May 19, 2014 and may have attended the appointment if he had union representation, there has been no evidence presented that he tried to

reschedule his appointment or seek union representation prior to being served the second PNDA."

Fiscella and the Township appealed. The Commission moved before the Appellate Division for a remand to resolve the outstanding issue of Fiscella's attorney's fees. Fiscella had not submitted his attorney's bills to the Commission, so the issue concerning the amount to be awarded to him for attorney's fees remained outstanding. We granted the motion. In a decision issued April 2, 2018, the Commission awarded Fiscella $58,273.75 in counsel fees and $1,806.90 for costs. The written decision evidenced the Commission's detailed review of the fee application, including the basis for hourly rates charged and the time spent litigating the matter.

## II.

We first address Fiscella's argument challenging those parts of the Commission's decisions denying his request for reconsideration and sustaining the charges set forth in the June PNDA. Our review of the Commission's decision is limited. Karins v. City of Atl. City, 152 N.J. 532, 540 (1998) (citation omitted). A "strong presumption of reasonableness attaches" to the Commission's final administrative decisions. In re Carroll, 339 N.J. Super. 429, 437 (App. Div.), certif. denied, 170 N.J. 85 (2001). That is so because agencies

generally have "expertise and superior knowledge of a particular field." Outland v. Bd. of Trs. of the Teachers' Pension & Annuity Fund, 326 N.J. Super. 395, 400 (App. Div. 1999).

For these reasons, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Williams, 443 N.J. Super. 532, 541 (App. Div. 2016) (quoting In re Application of Virtua–West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008)). If "our review of the record satisfies us that the agency's finding is clearly mistaken or erroneous, the decision is not entitled to judicial deference and must be set aside." Ibid. (citing L.M. v. State of N.J., Div. of Med. Assistance & Health Servs., 140 N.J. 480, 490 (1995)). We so conclude here.

The June PNDA contained two charges: insubordination and other sufficient cause. Insubordination "is ordinarily defined as a failure to obey a lawful order." Id. at 548 n. 4 (citing Rivell v. Civil Serv. Comm'n., 115 N.J. Super. 64, 71 (App. Div. 1971)); see also Laba v. Newark Bd. of Educ., 23 N.J. 364, 386 (noting "'a willful refusal of submission' to the authority of . . .

superiors" sustained a charge of insubordination) (quoting <u>Harrison v. State Bd. of Educ.</u>, 134 N.J.L. 502, 505 (Sup. Ct. 1946)).

Notably, in the case before us, the Commission did not evaluate Fiscella's conduct in the context of the elements of insubordination. Fiscella did not willfully disobey the order of a superior. No superior ordered him to attend the workers' compensation medical appointment. In fact, it is not apparent from the record the Acting Township Manager even knew the appointment was scheduled.

By accommodating Fiscella's request for sick leave after Fiscella requested to see his own doctor, Fiscella's supervisor implicitly approved Fiscella's treatment with his own physician. Moreover, the workers' compensation carrier's representative explicitly confirmed to Fiscella that he could see his own doctor, telling him only that he would have to pay for the treatment and his workers' compensation case would be closed. There is more. When Fiscella reported to work on the day the workers' compensation medical appointment was scheduled to take place, Fiscella was served with the May PNDA, suspended on the spot, and informed through the May PNDA the Township was seeking termination of his employment. Fiscella was ordered to leave work.

12

In view of the implicit and explicit authorization the Township and workers' compensation representative gave Fiscella to treat with his own doctor, and considering the issue in the context of his precipitous suspension and proposed removal from office, the Township simply did not sustain its burden of proving Fiscella had been insubordinate within the legal meaning of that term. Nor, given the circumstances, did Fiscella's conduct constitute other sufficient cause for his discipline.

In its initial decision, the Commission neither cited any definition of insubordination nor explained the basis for its conclusion that Fiscella was "required to attend the appointment." In its decision denying Fiscella's request for reconsideration, the Commission cited a section of the Township's Employee Manual that stated: "[a]ll required medical treatment must be performed by a workers' compensation physician appointed by the Township and unauthorized medical treatment may not be covered under the Act." That section did not constitute an order by a superior requiring Fiscella to attend a workers' compensation medical appointment. Rather, it explained the consequences of unauthorized medical treatment.

The cited section of the Manual did not preclude an employee from seeking and paying for unauthorized medical treatment, which is precisely what

Fiscella did in this case. He did so with the knowledge and implicit approval of the Township, and with the knowledge of the workers' compensation carrier.

The Commission stated there was no evidence "the appointing authority specifically advised [Fiscella] that it was acceptable for him to skip his appointment if he was seeing his own doctor." That statement does not address the issue of how Fiscella was guilty of willfully disobeying the order of a superior, particularly in view of the apparent authority he was given to treat with his own physician.

Last, the Commission noted "there has been no evidence presented that [Fiscella] tried to reschedule his appointment . . . prior to being served the [June] PNDA." However, in view of the apparent authority extended to Fiscella to treat with his own doctor, he would have had no reason to reschedule the appointment.

During oral argument on the appeal, counsel for the Commission cited a document entitled "Township of Belleville Worker Compensation Program." The document, apparently a part of the Employee Handbook, requires employees to notify the workers' compensation "Leave Representative" of any cancellations. The document also states that if an employee fails to make the

14

required notification, "disciplinary action shall be taken in accordance with the Township Administrative Code and/or Contract Agreements."

It is not apparent from the record that the Township argued to the Commission that Fiscella violated this document's requirement. The Commission did not cite this provision in its decisions. Regardless, when considered in the unusual context of this case — the Township's and workers' compensation carrier's leading Fiscella to believe he could treat with his own doctor — Fiscella's non-compliance was tantamount to neither insubordination nor other sufficient cause for disciplinary action.

For all the foregoing reasons, we conclude the Commission's decision was unsupported by substantial credible evidence in the record and was contrary to the law concerning insubordination. We further conclude, for the reasons we have expressed, the Commission's decision that Fiscella's failure to keep the appointment constituted other sufficient cause for discipline was unsupported by substantial credible evidence in the record.

In his second argument, Fiscella requests counsel fees for one hundred percent of his attorney's services. In view of our decision that none of the disciplinary charges should have been sustained, we remand this matter for further consideration of counsel fees in light of our decision.

## III.

The Township challenges the Commission's fee award.  The Township argues that Fiscella's counsel's fees were "so unreasonable that a further reduction is warranted."  We disagree.  The Commission engaged in a thorough analysis of the hourly rates charged in view of counsel's experience and rates authorized by administrative guidelines.  The Commission also engaged in a thorough evaluation of the reasonableness of the hours expended, many of which were necessitated by the Township's position in pursuit of what turned out to be unfounded disciplinary charges.  We reject the Township's arguments to the contrary.  They are without sufficient merit to warrant further discussion.  R. 2:11-3(e)(1)(E).

## IV.

In summary, we conclude the Commission's determination that Fiscella was guilty of insubordination or other sufficient cause for discipline was unsupported by either competent evidence in the record or applicable legal principles.  We reject the Township's challenge to the fee award, but remand for further consideration in view of our determination that none of the charges should have been sustained.

A-1403-16T2

Affirmed in part, reversed in part, and remanded for further consideration.

We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1403-16T2