FRANK DROZDOWSKI, PROSECUTOR, v. THE MAYOR AND
BOROUGH COUNCIL OF THE BOROUGH OF SAYRE-
VILLE, RESPONDENTS.

Argued November 3, 1945—Briefs Submitted November 16, 1945—
Decided January 15, 1946.

Before Justice CASE, sitting as a single justice pursuant
to the statute.

For the prosecutor, *Paul C. Kemeny.*

For the respondents, *Joseph T. Karcher.*

The opinion of the court was delivered by

CASE, J.  Prosecutor, after due newspaper advertisement,
applied for and was granted a plenary retail consumption

license by the mayor and council of the Borough of Sayreville. Later a neighboring property owner lodged a complaint and asked for the revocation of the license upon allegations that prosecutor had obtained the license by fraud and suppression of material facts. The statute provides (*R. S.* 33:1–25): "Fraud, misrepresentation, false statements, mis-leading statements, evasions or suppression of material facts in the securing of a license are grounds for revocation." There was a trial at which both the complaining property owner and prosecutor were represented by counsel. By a vote of three councilmen for and one councilman against, the decision was that "the licensee has been guilty of fraud, misrepresentation, false statements, misleading statements, evasion and suppression of material facts in securing the license" and that the license should be revoked.

The governing body of the borough consisted of the mayor and six councilmen. The mayor and four councilmen sat in trial. Two councilmen were not present. *R. S.* 40:88–1 provides:

"Three councilmen and the mayor, and, in the absence of the mayor, four councilmen, shall constitute a quorum for the transaction of business; but a smaller number may meet and adjourn from time to time. The mayor shall preside over all meetings except as herein in this article otherwise provided, but shall not vote except to give the deciding vote in case of a tie."

The complaining property owner called and caused to be sworn and to testify as witnesses in his behalf two of the four sitting councilmen, by name Popowski and Buchanan. After their testimony had been taken prosecutor objected to their sitting further in the case. The mayor and council were advised by the borough attorney that the councilmen against whom objection had been so made should be permitted to sit. That was the ruling. Prosecutor noted formal exception. When the issue was decided two of the three votes for revocation came from those men. If the two members were disqualified to sit, there was not a legal quorum for the conduct of the business then in hand and the body lacked jurisdiction

to proceed with the trial or to decide the issue. In such an event the capacity of the body to hear and decide was as thoroughly destroyed as though the tribunal had consisted of a single person who became disqualified. It is in proof that one of the two did not know that he was to be called, and the fair inference is that the complainant had made known to no one, either the called witnesses or the mayor and council, individually or as a body, his purpose to proceed in that manner.

The question I am called upon to decide is whether it was lawful for Councilmen Popowski and Buchanan to sit in judgment; and I decide that under the circumstances of the case it was not. I find that they were disqualified. The circumstances to which I give weight are that there were six councilmen qualified, in general, to sit in trial of the issue. Any four of those men in the absence of the mayor would constitute a quorum; so would any three of them with the mayor. There could have been a tribunal qualified to try the case without the two men in question, and with no showing to the contrary we may assume that the presence of the absentees could have been procured had the need been manifested. The need would have been manifested had the complaining party made known his purpose of calling on two members of the official body to be his witnesses.

A liquor license is not property, *Voight* v. *Board of Excise*, 59 *N. J. L.* 358, but it is a privilege that usually has some money value and that sometimes has great money value; and the legislature has directed, *R. S.* 33:1–31, that no revocation shall be made until notice of the charges shall be given to the licensee and an opportunity to be heard is afforded. The statute has hedged the whole subject of the sale of intoxicating liquors with attempted safeguards, one of which is the provision for revocation above noted; but a revocation calls for a determination, and while the mayor and the council, who have the authority to make the determination, are not, in strict sense, a court, they are, in this respect, a tribunal whose duty is to give a fair trial both in point of fact and in point of law. Indeed, it has been held that if the function

be considered judicial the legislature has nevertheless the authority to create the body a judicial one for that purpose. *Voight* v. *Board, supra.*

It is a generally accepted maxim that no one shall be both judge and witness in the same trial. Support for the application of this principle to a judicial officer will be found in the following decisions: *McCormick* v. *Brookfield,* 4 *N. J. L.* 69; *Outcalt* v. *Rankin,* 14 *Id.* 33; *Paterson* v. *Schenck,* 15 *Id.* 434; *Corlies* v. *Van Note, Administrator, &c.,* 16 *Id.* 324; *State of New Jersey* v. *De Maio,* 69 *Id.* 590; *affirmed,* 70 *Id.* 220; and since it has been held to apply to the trial of a police officer by the mayor or commissioner of public safety, *Johnson* v. *Wildwood,* 13 *N. J. Mis. R.* 593; *Crawford* v. *Hendee,* 95 *N. J. L.* 372, I see no sound reason why it should not govern in the instant case. The decision in *Johnson* v. *Wildwood* was reversed on other grounds, 116 *Id.* 462, but the reversing opinion in the Court of Errors and Appeals accentuates the need for an impartial tribunal even when administrative officers sit in judgment.

Sometimes there is the embarrassment that a man essential to the court is also essential as a witness. That dilemma, as we have seen, does not exist here, and I do not reach beyond the circumstances of the case. The prosecutor has been deprived of something that he valued and that had value, upon charges which involved various facets of fraud and were determined adversely to him by three men of whom two had taken the witness stand against him. Trials should not only be fair in their results, they should be conducted in an atmosphere of fairness.

I believe that there should be a new hearing. To that end the resolution of revocation will be set aside, with costs.