37 N.J. Super. 529 (1955)
117 A.2d 675
WILLIAM SMOOTZ, PLAINTIFF,
v.
OCTAVIO IENNI, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
CONCETTA MARTINO AND NICHOLAS MARTINO, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Essex County Court Law Division.
Decided October 27, 1955.
*530 Mr. Melvin B. Cohen argued for the motion (Messrs. Lowenstein & Cohen, attorneys for third-party defendant).
Mr. Abraham L. Friedman argued against the motion (Mr. Samuel O. Offen, attorney for defendant and third-party plaintiff).
No appearance on behalf of plaintiff.
*531 FOLEY, J.C.C.
This matter comes before the court on the motion of a third-party defendant for a summary judgment on a complaint filed against him purporting to set forth a claim for relief under the Joint Tortfeasors Contribution Law (N.J.S. 2A:53A-1 et seq.). The plaintiff did not appear.
The facts are these: The primary plaintiff, William Smootz, brought an action against Octavio Ienni, alleging that while a passenger in the taxicab of the latter he was injured as a result of Ienni's negligently causing it to collide with a vehicle operated by Nicholas Martino. Ienni traversed the allegation of his default and by leave of court filed the instant complaint against Martino and his alleged master, Concetta Martino. The Martinos bring on the motion for summary judgment under R.R. 4:58-2, 3, supporting it with an uncontroverted showing that prior to the institution of the main case they settled out their liability to the plaintiff by the payment of a sum of money for which they received a covenant not to sue.
The movants argue that their right to dispose of their differences with the plaintiff and to thereby buy their peace remained unimpaired, notwithstanding the Contribution Law and that the present action constitutes an invasion of that right. Contra, it is urged: firstly, that the claim must be presented herein if the non-settling defendant is to obtain an adjudication that the settler is a joint tortfeasor and so answerable to him for contribution; cf. Sattelberger v. Telep, 14 N.J. 353 (1954); secondly, that the right of the defendant to such an adjudication cannot be obliterated by a composition privately arrived at by the plaintiff and the settler; and finally, that the status of tortfeasor cannot be legally established by private accord but must wait upon a legal adjudication of fault in the person alleged to be a tortfeasor.
While the third-party plaintiff's contentions are not without some logical appeal they must fall before the reasoning of the Supreme Court in Judson v. Peoples Bank & Trust *532 Co. of Westfield, 17 N.J. 67 (1954), wherein a guide to the solution of the problem is found. There the plaintiffs brought action against five alleged tortfeasors. During the pendency of the matter they settled with two and an order was entered dismissing the action against the settlers without prejudice to the prosecution of it against the non-settlers. The latter then moved for and obtained summary judgments upon the grounds that the allegations of the complaint were untrue and that the settlement in the circumstances outlined operated as a release of all defendants. This judicial action was reversed, the Supreme Court holding that factual questions concerning the bona fides of the allegations were presented and that the dismissal did not have the legal effect attributed to it. In anticipation of the problem arising from the Contribution Law, Justice Brennan, speaking for the majority (dissent on grounds inapplicable hereto), wrote a lengthy dictum which I take to express the thinking of the court as to the mechanics of granting to all alleged tortfeasors in situations such as that here presented the intended benefits of the legislation in question. In this regard the justice said (17 N.J., at page 92):
"The basic purpose of the statute is to achieve the `sharing of the common responsibility according to equity and natural justice,' Sattelberger v. Telep, 14 N.J. 353, 367 (1954); Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N.J. 372, 386 (1954). This end is attained by allowing actions among the joint tortfeasors to assure that none pays in excess of his pro rata share of the total damage. When one tortfeasor settles with the injured party for an amount which is less than the settler's pro rata share, equality between him and his co-wrongdoers may be realized in one of two ways: first the injured person may be required to credit upon any verdict against the others not the consideration received in settlement but the settler's pro rata share of the amount of the verdict, or, second, the injured party may have a judgment for his total damage less the consideration received in settlement, and the judgment tortfeasor who pays in excess of his pro rata share may have his action against the settler for contribution."
Pointing out the distinction between the New Jersey act and the draft act recommended by the National Conference of *533 Commissioners on Uniform State Laws, 9 U.L.A. 156, he went on (17 N.J., at pages 92, 93):
"The second alternative is the one adopted in sections 4 and 5 of the draft of uniform law. It may lead to some undesirable results: If the injured party is required to credit only the amount received in settlement, Gelsmine v. Vignale, 11 N.J. Super. 481 (App. Div. 1951), he may be tempted to make collusive settlements a mischief incident to the denial of contribution which was one of the strongest reasons for the statutory change allowing a right of contribution. Also, the settlement then lacks finality because the settler cannot count on his adjustment with the injured person as ending the matter but must apprehend a suit at the hands of his co-tortfeasors. This would have a stifling effect upon efforts at compromise and settlement, contrary to the policy of our law which strongly favors disposition of disputes by compromise and settlement. Rynar v. Lincoln Transit Co., Inc., 129 N.J.L. 525, 528 (E. & A. 1942).
If, then, as said by Justice Rutledge, `The problem is to blend the themes of compromise and contribution, maintaining the essential integrity of each as far as possible,' McKenna v. Austin, supra [77 U.S. App. D.C. 228, 134 F.2d 659, 148 A.L.R. 1253], the first alternative is clearly preferable. Collusive settlements are wholly ineffective when a credit of the settler's pro rata share is the required result of any settlement, and this helps attain one of the objectives of the contribution statute. And, thereby the settling tortfeasor is assured of the finality of his settlement, and impairment of the public policy favoring compromise is avoided. The injured party should not be discouraged from settlement by such a rule. He cannot complain of unfairness, since `* * * the reduction would be a direct result of his own act in accepting less than (the settler's pro rata share of) the total recoverable damages in settlement with the compromising wrongdoer.' McKenna v. Austin, supra. Thus, if the settlement is not collusive, he makes it upon the basis of his own appraisal of the risks of recovery and will hardly be deterred from it because it may later eventuate that he accepted less than the settler's pro rata share.
Our Legislature's rejection of sections 4 and 5 of the draft act clearly indicated its preference for the first alternative. True, the statute contains nothing whatever expressly dealing with the effect of a settlement, but the first alternative is a logical incident of the created right of contribution and no provision expressly stating that effect was necessary. The aim of the statute to make a settler responsible for his pro rata share is realized when the credit on the total damage is in the amount of that pro rata share, and provisions for a right of action against him at the hands of his co-tortfeasors were unnecessary."
*534 Clearly then the enunciated rule is that an injured person who settles his case with one of several defendants will, for the purpose of giving effect to the design of the Joint Tortfeasors Contribution Law, be deemed to have thereby relieved the remaining solvent tortfeasors of the necessity of seeking contribution from the settler of his proportionate share of the injured's judgments against them by crediting such share against the judgment before it is finally entered.
In the present case the parties to the third-party action are the only ones who might have been held answerable to the plaintiff as joint tortfeasors, and by operation of the Contribution Law the contributive shares are reduced to two, since the statute accounts a master and servant as a single tortfeasor.
It follows that the judgment herein should contain a directive to the clerk to enter a judgment against the third-party plaintiff, if one is recovered against him by the initial plaintiff, in the amount of 50% of the verdict.
The motion for summary judgment is granted, but without costs. An appropriate order may be presented.