THOMAS OLIVER AND JEAN OLIVER, PLAINTIFFS-APPELLANTS, v. PASQUALE RUSSO, DEFENDANT-RESPONDENT.

Argued March 3, 1959—Decided March 17, 1959.

Mr. *Andrew O. Wiltreich* argued the cause for the appellants (*Mr. Arthur J. Messineo,* attorney).

Mr. *Fred W. Jung, Jr.* argued the cause for the respondent.

PER CURIAM. The plaintiffs were passengers in Spinella's car when it collided with Russo's car. They sued Russo and gave Spinella a covenant not to sue upon his payment of $50 to each of the plaintiffs. Russo filed a third-party complaint against Spinella who then moved for summary judgment on the basis of the covenant not to sue. The motion was granted and the district court, after hearing testimony, determined that Russo was negligent and ordered that judgment against him be entered in the sum of $250 in favor of Thomas Oliver and $125 in favor of Jean Oliver. Russo then moved that in view of the right of contribution which now exists between joint tortfeasors the clerk should be directed to mark the judgment satisfied as to 50% thereof. This motion was granted and the plaintiffs' appeal to the Appellate Division, which we certified on our own motion, now seeks to set this ruling aside.

The record does not satisfactorily indicate whether the district court, in fixing the amount of the judgment, credited the defendant with the sum paid to the plaintiffs for their covenant not to sue. Assuming that it did not (and neither brief before us seeks to make any point whatever in this regard), the marking of the judgment satisfied as to 50% thereof was in accordance with the joint tortfeasor principles expressed in *Judson v. Peoples Bank & Trust Co. of West-field*, 17 *N. J.* 67, 92–94 (1954), and applied in *Smootz v. Ienni*, 37 *N. J. Super.* 529 (*Cty. Ct.* 1955). We recently declined to revise those principles and find no occasion for doing so in the present case. See *Judson v. Peoples Bank and Trust Co.*, 25 *N. J.* 17, 34–36 (1957); 12 *Rutgers L. Rev.* 533 (1958).

 During oral argument it was suggested that perhaps Spinella was not actually a tortfeasor and that until there is a hearing and an adjudication of his negligence the joint tortfeasor principles of *Judson* may not be applied. See 45 *Am. Jur., Release* § 38, *p.* 702 (1943); *cf. Aljian v. Ben Schlossberg, Inc.*, 8 *N. J. Super.* 461, 465 (*Law Div.*, 1950). This point was not fairly raised in the record or briefs before us and so far as appears was not mentioned

during the district court proceeding where it might have been dealt with procedurally as well as substantively. See *Davis v. Miller,* 385 *Pa.* 348, 123 *A. 2d* 422 (*Sup. Ct.* 1956); *Swigert v. Welk,* 213 *Md.* 613, 133 *A. 2d* 428 (*Ct. App.* 1957). Under the circumstances we ·consider it inappropriate that it be passed upon here. See *Higgins v. Krogman,* 142 *N. J. Eq.* 691, 694 (*E. & A.* 1948).

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS and PROCTOR—5.

*For reversal*—Justice HEHER—1.