Louis PILOSKY and Catherine Pilosky, his wife,

v.

William DOUGHERTY, Defendant and Third-Party Plaintiff (Alfred W. Hellie, Third-Party Defendant).

No. 22468.

United States District Court
E. D. Pennsylvania.

Nov. 20, 1959.

Paul Ribner, Philadelphia, Pa., for plaintiffs.

Howard R. Detweiler, Philadelphia, Pa., for defendant and third-party plaintiff, William Dougherty.

Max E. Cohen, Philadelphia, Pa., for third-party defendant, Alfred W. Hellie.

WOOD, District Judge.

This motion questions the effect of a covenant not to sue given by the plaintiffs to the third-party defendant. The third-party defendant contends that the covenant not to sue entitles him to summary judgment.

The pertinent facts are as follows: The wife-plaintiff was injured while a passenger in a car driven by defendant Dougherty when it collided with another car driven by the third-party defendant Hellie. Dougherty executed two releases in favor of Hellie for $2,165. Thereafter, plaintiffs filed suit against Dougherty for $65,000. Dougherty filed a third-party complaint against Hellie. Hellie then settled with plaintiffs for $9,000, and plaintiffs gave Hellie the covenant not to sue.

The accident occurred in New Jersey. The covenant not to sue was executed in New Jersey, and the releases were executed in Pennsylvania.

Hellie contends that under New Jersey law the covenant not to sue entitles him to summary judgment. He also contends that the releases by themselves would entitle him to summary judgment under Pennsylvania law. Under the view we take of this case we do not reach the question presented by the releases.

The position of the defendant Dougherty is that even if we decide that Hellie is protected by the covenant and the releases from ever having to pay money to plaintiffs or Dougherty, still Hellie should be retained in the case. If the jury were to find Hellie and Dougherty joint tort-feasors, Dougherty would then urge the trial judge to enter judgment against Dougherty for only one-half the amount of the verdict. Dougherty maintains that he should not now be deprived of the future opportunity to cut his liability in half by retaining Hellie in the case.

We observe at the outset that the substantive rights and liabilities of the parties in this case are governed by New Jersey law.[1] Furthermore, the effect of the covenant not to sue on those rights and liabilities is also governed by New Jersey law.[2] We think it clear that the substantive law of New Jersey requires that the defendant Dougherty's liability to plaintiffs be now set at one-half the amount of any verdict recovered against him, and that the third-party defendant Hellie's motion for summary judgment be granted.

The very problem now before us was recently resolved by the New Jersey courts in the case of Smootz v. Ienni, 1955, 37 N.J.Super. 529, 117 A.2d 675. In the Smootz case, Judge Foley quoted at length from an opinion by Justice Brennan in the case of Judson v. Peoples Bank & Trust Co. of Westfield, 1954, 17 N.J. 67, 110 A.2d 24. The basic question involved is best illustrated by a hypothetical case: A and B injure P.

[1]. As a Federal Court sitting in Pennsylvania, we are obliged to look to the Pennsylvania conflicts of law rules in order to see what law governs this case. Those rules require that the rights and liabilities of parties arising from an accident such as this are governed by the law of the place of the wrong. See Bittner v. Little, 3 Cir., 270 F.2d 286. Since the accident occurred in New Jersey, New Jersey law applies.

[2]. The covenant was executed in New Jersey.

P and B settle, B paying P $5,000. P sues A and recovers a verdict of $12,000. The problem then arises as to how to adjust the equities between A and B so that neither will have to pay more than his *pro rata* share of P's damages.

The solution adopted by the Uniform Contribution Among Joint Tortfeasors Act is to reduce the amount of the verdict against the one tort-feasor by the amount plaintiff received from the other tort-feasor in settlement, and then let the judgment tort-feasor who pays more than his *pro rata* share have his action against the settler for contribution.[3] Following this solution, our hypothetical case would be resolved as follows: P recovers a judgment against A for $7,000 (the $12,000 verdict, less the $5,000 P received from B in the settlement). A then sues B and recovers $1,000 by way of contribution. A and B end up paying $6,000 each, and plaintiff has received $5,000 plus $7,000, or $12,000.

The New Jersey legislature did not adopt the sections of the Uniform Act which provide for this solution. The solution adopted by the New Jersey courts is designed to give finality to a settlement by a tort-feasor with the plaintiff by protecting the settler from future suits for contribution. At the same time, the plaintiff is not tempted to enter into collusive settlements, as he might be under the first solution. All this is accomplished under New Jersey law by reducing the amount of the verdict against one tort-feasor by the settler's *pro rata* share of the damages. Our hypothetical case would be resolved in New Jersey as follows: P recovers a judgment against A for $6,000 ($12,000 verdict, less B's *pro rata* share of the damages, or $6,000). A may not sue B for contribution because A has not paid any more than his *pro rata* share of plaintiff's damages. B has been spared the expense of defending a lawsuit and the possibility of having to pay more

money to discharge a liability which he ostensibly settled before the suit. The plaintiff may not be heard to complain, since he voluntarily accepted from B an amount which turned out to be less than B's *pro rata* share of the damages.

Applying the second solution as explained by Justice Brennan, Judge Foley in the Smootz case granted the third-party defendant's motion for summary judgment and directed the clerk to enter a judgment against the original defendant (if a judgment were recovered against him by the original plaintiff) in the amount of 50 per cent of the verdict.

In conclusion, we agree with the third-party defendant Hellie here that New Jersey law as set forth in the Smootz case requires us to grant his motion for summary judgment. We also observe, however, that the whole rationale of the Smootz case in entering summary judgment for the third-party defendant depends upon the concurrent protection afforded the defendant retained in the suit. That protection assures the defendant that he will have to pay no more than his *pro rata* share of the plaintiff's damages, even though his cotort-feasor is adjudged safe from any further liability by the granting of his motion. That protection is accomplished by ordering the clerk to enter a judgment against the defendant for one-half the amount of any verdict and judgment subsequently obtained against him by the original plaintiff.

We see no difficulty in adopting our Federal procedure so as to accomplish the result required by New Jersey law.

Therefore, this 20th day of November, 1959, it is ordered that third-party defendant Hellie's motion for summary judgment is granted, and that the clerk is directed to enter a judgment against the defendant Dougherty, if one is recovered against him by the plaintiffs, in the amount of 50 per cent of the verdict.

---

3. See Pa.Stat.Ann. Tit. 12, §§ 2085, 2086 (Purdon, 1958 Supp.). Pennsylvania adopted the Uniform Act's solution, which is found in sections 4 and 5 of the Uniform Act.