73 N.J. Super. 502 (1962)
180 A.2d 333
FRIEDA HOELLER AND ERWIN G. SCHOENHAAR, PLAINTIFFS-RESPONDENTS,
v.
LOUIS D. COLEMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1962.
Decided April 12, 1962.
*503 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Edward F. Broderick, Jr., argued the cause for appellant (Mr. Edward F. Broderick, attorney; Mr. Samuel O. Offen, of counsel).
Mr. Joseph E. Connolly argued the cause for respondents (Messrs. Connolly, Vreeland & Connolly, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Frieda Hoeller was a passenger in a motor vehicle owned and being driven by her nephew, Erwin G. Schoenhaar, when it collided with a motor vehicle being operated by defendant. As a result of the accident, the aunt and nephew filed suit against defendant, Hoeller suing for personal injuries and Schoenhaar for personal injuries and property damage. Defendant denied negligence on his part and charged that the accident was the result of Schoenhaar's sole or contributory negligence. He also *504 counterclaimed for contribution against Schoenhaar under N.J.S. 2A:53A-1 et seq., claiming that as to the Hoeller damages, Schoenhaar was at least a joint tortfeasor.
At pretrial it was disclosed that Hoeller had given Schoenhaar a covenant not to sue and had received $90 as consideration therefor. Schoenhaar moved at trial to dismiss the counterclaim because of the aforesaid covenant. The motion was denied but the counterclaim was severed and held pending the outcome of Hoeller's and Schoenhaar's claims against defendant. After trial thereon the jury returned a verdict against defendant on both claims, the verdict being in favor of plaintiff Hoeller for $8,454 and in favor of plaintiff Schoenhaar for $168.20.
Defendant claimed that Hoeller, by settling with Schoenhaar and giving him a covenant not to sue, had constituted him a joint tortfeasor, thereby entitling defendant to a 50% credit on the amount of the Hoeller verdict. The trial court ruled that Schoenhaar was not a joint tortfeasor because the jury, by its verdict, had determined that Schoenhaar was not negligent. The motion for contribution was therefore denied and defendant's counterclaim dismissed. Defendant appeals.
Briefly defendant's legal position on this appeal is that Hoeller, by settling with her nephew and giving him a covenant not to sue, effectively barred defendant from obtaining contribution from the nephew as a joint tortfeasor pursuant to N.J.S. 2A:53A-1 et seq. Therefore, argues defendant, Hoeller's actions amounted in law to a recognition of the nephew as a joint tortfeasor and defendant is entitled to a pro rata (here 50%) credit on the damages awarded Hoeller. Oliver v. Russo, 29 N.J. 418 (1959), and Smootz v. Ienni, 37 N.J. Super. 529 (Cty. Ct. 1955), are cited in support of this argument.
Those holdings, however, are not as absolute as defendant would make them. They go no further than to hold that, in the situations there presented, a settlement by a plaintiff would be deemed to have been with a joint tortfeasor.
*505 In Oliver plaintiffs were passengers in the Spinella car when it collided with the Russo vehicle. Plaintiffs settled with Spinella, gave him a covenant not to sue, and then sued Russo for their injuries. Russo filed a third-party complaint for contribution against Spinella, who moved for summary judgment on the basis of the covenant not to sue. The motion was granted but the trial court, in awarding damages to plaintiffs and against Russo, directed that the judgment should be marked satisfied to the extent of 50% thereof. On the argument of the appeal plaintiffs suggested that Spinella may not have actually been a tortfeasor. The Supreme Court however refused to consider this issue because it was not presented to the trial court "where it might have been dealt with procedurally as well as substantively." We take this comment as an indication that had it been established at trial that, despite the settlement, Spinella was not actually a tortfeasor, defendant would not have been entitled to a pro rata reduction of the judgment. See Klotz v. Lee, 36 N.J. Super. 6 (App. Div. 1955).
Our analysis of the foregoing cases leads us to a rationale of the law as follows. A settlement with a potential tortfeasor will be taken to have been with an actual tortfeasor entitling other tortfeasors against whom a judgment is entered to a pro rata reduction of the judgment unless it is established by the plaintiff that the potential tortfeasor with whom the settlement was made was not in fact a tortfeasor. In the latter case no reduction of the judgment shall be had except on a pro tanto basis (hereinafter discussed).
In the instant case the jury had before it the claim of plaintiffs Hoeller and Schoenhaar that the accident was caused by defendant's negligence, as well as defendant's contention that in fact the accident had been caused by plaintiff Schoenhaar's sole, or at least contributory, negligence. The verdict in favor of both plaintiffs and against defendant necessarily indicates that the jury found that *506 the accident was the result of defendant's sole negligence. Therefore, Schoenhaar was not a joint tortfeasor and defendant is not entitled to a 50% credit on the verdict. However, he has the right to have a pro tanto reduction of the judgment by the $90 paid plaintiff Hoeller on the settlement. Klotz v. Lee, supra; Gelsmine v. Vignale, 11 N.J. Super. 481 (App. Div. 1951).
We consider the foregoing rationale to be fair and reasonable, since it promotes rather than hinders bona fide settlements. Were the rule as defendant contends, an injured person could not settle with a potential tortfeasor without diminishing pro rata his recoverable damages. Cf. Judson v. Peoples Bank & Trust Co., 17 N.J. 67 (1954), and 25 N.J. 17 (1957).
The same conclusion was reached in Steger v. Egyud, 219 Md. 331, 149 A.2d 762 (1959), where the Court of Appeals of Maryland was called upon to determine what the New Jersey rule was as to the effect of a settlement with a potential tortfeasor on a subsequent judgment against one found by jury verdict to have been a sole tortfeasor. After reviewing the New Jersey cases the Court of Appeals reached the following conclusion:
"The result is, we think, that in New Jersey a settlement with one in fact a tortfeasor brings about a pro rata reduction in a judgment against the other joint tortfeasor, and a settlement with one later proven not to have been a tortfeasor requires a pro tanto reduction in the judgment against the tortfeasor." 149 A.2d, at p. 768.
See Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (Sup. Ct. 1956); Swigert v. Welk, 213 Md. 613, 133 A.2d 428 (Ct. App. 1957).
The judgment is modified only to the extent of the pro tanto credit of $90 to be given defendant and, as modified, is affirmed. Costs to respondents.