137 N.J. Super. 199 (1975)
348 A.2d 550
LAWRENCE KUNA, PLAINTIFF,
v.
HARRY T. HOLLMAN, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
HERIBERTO VILLANUEVA, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 14, 1975.
*201 Mr. David Shapiro, attorney for plaintiff.
Mr. Jerrold D. Goldstein, attorney for defendant and third-party plaintiff (Messrs. Goldstein & Toto, attorneys).
Mr. Wilbur A. Stevens, attorney for third-party defendant (Messrs. Stevens & Mathias, attorneys).
DWYER, J.S.C.
Plaintiff was a passenger on defendant's motorcycle when it ran into third-party defendant's automobile which was parked partially on, and partially off, a highway in New York State due to a mechanical failure.
Thereafter defendant sued third-party defendant in the United States District Court for the District of New Jersey. Plaintiff was not a party to said action.
*202 On December 23, 1974 defendant settled the action in the United States District Court for New Jersey with third-party defendant for $12,500, one-half of the face value of the liability policy. With advice of counsel he executed a printed form of general release which provided, in part:
* * * does remise, release and forever discharge the Releasee of and from all * * * suits, actions, causes of actions * * * damages, claims or demands, in law or equity which against the said Releasee, the Releasor ever had, now has or hereafter can, shall, or may have, for, upon or by reason of any matter, cause or thing whatsoever * * * to the day of the date of these Presents.
More particularly arising out of an accident occurring July 28th, 1973. And the subject matter of a suit in the United States District Court for the District of New Jersey. [The underscored portion was typed in]
On the same date plaintiff, represented by other counsel, executed a similar release for $12,500. The following was added in typewritten language:
This release shall in no way be construed of a release of any claims the releasor, Lawrence Kuna, may have against Harry T. Hollman, arising from the aforestated accident. It is not intended by this release to release any claims the releasor may have against Harry T. Hollman arising from the same accident.
Plaintiff then instituted this action against defendant, who filed a third-party complaint against third-party defendant based upon rights under N.J.S.A. 2A:53A-1 et seq., the Joint Tortfeasors Contribution Law. Third-party defendant filed an answer and reserved the right to move. Third-party defendant now moves for summary judgment based upon the release from Hollman, the third party plaintiff.
The complaint was filed by the counsel who advised plaintiff concerning the release. There has been a substitution of attorney for plaintiff.
Plaintiff has not sued, and cannot sue, third-party defendant because of the release. Kelleher v. Lozzi, 7 N.J. *203 17 (1951). There is no suggestion, or allegation, that the release was the result of fraud.
In respect to the reservation of rights in plaintiff's release to third-party defendant the court construes it to be the equivalent of a covenant not to sue the third-party defendant with a reservation of right to sue defendant. See Adolph Gottscho, Inc. v. American Marking Corp., 18 N.J. 467, 471-472, cert. den. 350 U.S. 834, 76 S.Ct. 69, 100 L.Ed. 744 (1955).
By reason of the settlement in the prior action and the general release given in connection therewith, third-party plaintiff can no longer sue third-party defendant to recover for his own damages. Kelleher v. Lozzi, supra. However, the question remains whether in view of the release the third-party plaintiff is entitled to assert a claim for contribution against third-party defendant as joint tortfeasor.
This case presents dramatically the problem of how does one settle a case so that the file may be closed. See Prosser, Law of Torts (4th ed. 1971), § 50 at 309:
The effect of a settlement with the plaintiff by the contribution defendant, in which he received a release or a covenant not to sue, has perhaps given more difficulty than any other problem. The usual holding has been that the defendant so relieved of liability is not released from contribution. There has been much dissatisfaction with this because it becomes impossible for a defendant to settle the case, take a release, and close the file, since the potential liability for contribution is still open. On the other hand, the proposed solution of a pro-rata reduction of the remaining amount due[82] discourages plaintiffs from accepting smaller settlements from one defendant. In either case both parties complain. For these reasons the current Uniform Act[83] has gone the whole length of holding that the release discharges the one to whom it is given from all liability for contribution.
*204 To defeat the motion for summary judgment, counsel for plaintiff and third-party plaintiff contend that the release to third-party defendant from third-party plaintiff: (1) requires interpretation even though it is absolute on its face. Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293 (1953), and hence there are factual issues, and/or (2) the right to contribution does not arise until an excess over a pro rata share has been paid by a joint tortfeasor, Markey v. Skog, 129 N.J. Super. 192, 200 (Law Div. 1974), and hence rights to contribution cannot be covered by said release.
In support of the motion, third-party defendant urges that the courts favor settlements, Honeywell v. Bubb, 130 N.J. Super. 130 (App. Div. 1974) (settlement placed upon the record with knowledge of all parties enforced), and that in the absence of fraud, misrepresentation or overreaching, a general release will be enforced, Raroha v. Earle Finance Corp., Inc., 47 N.J. 229 (1966). There are no affidavits suggesting fraud or lack of understanding filed in opposition to the motion.
There is no dispute as to the language of the release, or any showing that there is any dispute about the circumstances of its execution; hence the question of the interpretation of the release presents a question of law and not fact.
A right of contribution is not expressly stated in the release. Third-party defendant's insurance carrier paid $12,500 to third-party plaintiff in return for that release. It was in control of the situation in the sense that it did not have to disburse the funds if it was not satisfied with the release to third-party defendant. From the dates of the releases the insurance carrier knew, or should have known, that there was a potential for a claim for contribution because of the language in the release from plaintiff to third-party defendant reserving right to sue third-party plaintiff. *205 Since the insurance carrier controlled both situations, if there are any doubts they should be resolved against third-party defendant for whom it was acting. The fact that a right of contribution did not exist at the time the release was executed, see cases cited in Markey v. Skog, supra; 2 Williston, Contracts (3 ed. 1960), §§ 342, 345, is also supportive of the interpretation that the release did not refer to, or cover, any right of contribution.
Given this, and resolving doubts against third-party defendant, the court concludes that the right of contribution is not covered by the release; therefore, it does not prevent third-party plaintiff from asserting such right as against third-party defendant at this point.
In the instant case plaintiff will attempt to establish that defendant was the sole cause of negligence. If plaintiff prevails on this point he will be entitled to full satisfaction of his judgment from defendant.
Defendant will assert that he was not negligent, but if he is liable at all, third-party defendant was a joint tort-feasor. In that event because he has a right of contribution, defendant would be entitled to a pro rata abatement under the decision in Judson and Theobald v. Angelos, supra. If it is not established that third-party defendant was a joint tortfeasor, defendant is entitled to a pro tanto deduction to the extent that this does not exceed a pro rata share from any total judgment. Theobald v. Angelos, supra, Hoeller v. Coleman, 73 N.J. Super. 502, 506 (App. Div. 1962).
Defendant may raise the fact of the settlement and release between plaintiff and third-party defendant in order to establish that third-party defendant was a joint tortfeasor. Although such settlement is ordinarily taken to have been made with an actual tortfeasor, entitling other tort-feasors to a pro rata reduction of judgment, under Theobald v. Angelos and Hoeller v. Coleman, supra, plaintiff has the right to litigate that question and has the burden of proof on establishing that defendant was solely negligent.
*206 The court in the Hoeller case was able to resolve the question as to whether the settling party had been a joint tort-feasor by analyzing the verdict of the jury below. This was a case where plaintiff-passenger Hoeller had settled with the plaintiff-driver of the car in which she was riding. Since both these plaintiffs recovered against the driver of the car they had the accident with, the court determined that the jury found the accident was the result of defendant's sole negligence. Thus, plaintiff-driver was not a joint tortfeasor and defendant was not entitled to pro rata credit on the judgment against him.
The procedural setting of the Hoeller opinion differs from that in this case, yet it holds that the determination of the question whether third-party defendant was a joint tortfeasor should be made by the trier of the facts, i.e., a jury where one is demanded.
To avoid difficulties inherent in interpretation of verdicts, the appropriate course of action may be to put a question to the jury on this point. In Jacowicz v. D.L. & W.R.R. Co., 87 N.J.L. 273 (E. & A. 1915), a case which arose when the law in New Jersey held that a release to one joint tortfeasor worked a release of all, plaintiff employee had executed a release to his employer and defendant asserted that he was released thereby as well. The Court of Errors and Appeals noted with approval (at 277) that the trial judge had submitted to the jury the question of fact whether the party who received the release cooperated with the "negligent act of the defendant which produced the plaintiff's injury so as to constitute it a joint tortfeasor." In Dodd v. George R. Copeland, 99 N.J. Super. 481 (App. Div. 1968), the jury had also been asked to decide whether the party with whom plaintiff had settled and to whom plaintiff had given a covenant not to sue was a joint tortfeasor.
This court construes the decisions in Judson and Theobald, supra, to mean that no action may be brought to collect any money for additional payments on a contribution *207 basis from third-party defendant because of a settlement, as distinguished from assertion of right to determination of the question of who is, or is not, a joint tortfeasor.
Justice Francis, in his dissenting opinion in Theobald v. Angelos, supra, said:
If plaintiff does not join the settler in the suit, and that failure does not constitute acceptance of his status as a tortfeasor, then the non-settling defendant undoubtedly will bring in the settler by third-party contribution proceedings. In this instance also, the settler would move for summary judgment based on his covenant not to sue. The motion would be denied on the basis of the majority opinion here, presumably with an order permitting the case to be tried solely to have the jury determine if the settler was a tortfeasor. I suppose in view of plaintiff's interest in saving the difference between a pro tanto and pro rata discharge of the settler, plaintiff would have to be made a defendant in the third-party proceedings, and that the defendant in the main suit would have the burden of proving the settler was a tortfeasor. [44 N.J. at 256]
His comments on the burden of proof are contrary to the rule suggested in Hoeller v. Coleman, supra, that a plaintiff have the burden of proof that the party with whom plaintiff has not settled is not a joint tortfeasor. The rule in Hoeller eliminates the need for defendant to add plaintiff as an additional third-party defendant as against whom defendant third-party plaintiff seeks no relief. For purposes of nicety of pleading defendant may want to assert alternatively that if defendant was negligent, such negligence was only as a joint tortfeasor. The issue as to whether defendant third-party plaintiff is a joint tortfeasor with third-party defendant may be submitted to the jury by special interrogatory.
The motion for summary judgment is denied. The court will enter an order limiting the issue as to third-party defendant to whether said party is a joint tortfeasor.
NOTES
[82] See Larson, A Problem in Contribution: The Tortfeasor with an Individual Defense Against the Injured Party (1940) Wis. L. Rev. 467. This was actually applied under the New Jersey statute in Judson v. Peoples Bank & Trust Co. of Westfield, 1954, 17 N.J. 67 * * * but was doubted on a second appeal in 1957, 25 N.J. 17. * * * It remains, however, New Jersey law. Theobald v. Angelos, 1965, 44 N.J. 228 * * *.
[83] Uniform Contribution Among Tortfeasors Act, 1955, § 4, 9 U.L.A. 1961 Pocket Part 72 * * *.