148 A.3d 138

LUIS HERNANDEZ, PLAINTIFF, v. DENNIS CHEKENIAN,
OSWALDO FLORES-ESCOBAR, ROSA QUIJANO, AMY
OLIVER, AND BRUCE OLIVER, DEFENDANTS.

Superior Court of New Jersey
Law Division
Middlesex County

Decided: July 15, 2016

*John Messina* for plaintiff (*Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC*, attorneys).

*Anthony Losardo* for defendant, Dennis Chekenian (*Law Office of Robert Raskas*, attorneys).

REA, J.S.C.

This personal injury matter comes before this court for trial. It is an automobile negligence case that involves a three-car accident that occurred on December 6, 2012. The cars involved were positioned one behind the other in the same lane of travel on Route 18 in New Brunswick in the vicinity of Route 1. Plaintiff was the passenger in the middle car. He brought suit against Amy and Bruce Oliver who were, respectively, the driver and owner of the first car; Oswaldo Flores-Escobar who was the driver of the second car (the car in which plaintiff was the passenger); and the owner of that car, Rosa Quijano. He also sued defendant Dennis Chekenian who was the driver of the third vehicle. The case against Rosa Quijano was dismissed given the lack of agency. Prior to commencement of trial all parties stipulated and agreed that the case should be dismissed against the Olivers (i.e. the owner/driver of the first car). Prior to the trial, defendant Flores-Escobar settled for his policy limit of $15,000. Actually, as explained by counsel, that settlement was perfected through the efforts of his insurance carrier because Flores-Escobar could not be located. Counsel for defendant, Chekenian, requested that this

court give the jury the settling co-defendant charge(s); i.e. Model Jury Charge (Civil), 1.11G "Settling Defendants" (2007) and Model Jury Charge (Civil), 1.17 "Instructions to Jury In Cases In Which One Or More Defendants Have Settled With The Plaintiff" (1997). Plaintiff opposed this request. This opinion is written to formalize this court's oral decision placed on the record on June 13, 2016, at which time this court ruled in plaintiff's favor. Jury selection began on June 13, 2016, and a jury was empaneled and sworn on the morning of June 14, 2016. A preliminary instruction was given, however, in accord with this court's ruling; no settling co-defendant instruction was given. The jury heard opening statements and testimony from the plaintiff before lunch on June 14, 2016. The case settled immediately after lunch and the jury was then discharged.

■ The issue presented is the appropriateness of giving a settling defendant charge to a jury either at the beginning or end of a civil trial when the party in question settled and exited the case before the trial began. In other words, should a settling co-defendant charge be given in a case when the jury has never seen the party who settled? This court finds that the answer to this question is "no."

It is well established, and jurors are expressly told, that neither judges nor lawyers are witnesses and what they say is not evidence in a case. *See N.J.R.E.* 605. When a judge gives a jury a settling defendant charge that judge is essentially testifying. One must consider, what is the purpose of this charge? This court views the settling co-defendant charge(s) to be "necessary evils" to be utilized only in certain limited circumstances, namely, when a defendant started out in a trial in the presence of the jury and then suddenly was gone. In such an instance, the jury is certainly entitled to some explanation of what happened with that defendant. This logic does not follow, however, when a jury never sees a particular defendant. In other words, there is no legitimate reason that a jury needs to be told that there was another defendant(s) who settled their dispute(s) by paying an amount of money.

Oddly, the model charge raises an issue and then essentially tells the jury to disregard it. The charge reads in pertinent part: "The effect of that settlement on the parties still here is of no concern to you at the present time and you should not speculate about that. I will explain the effect that settlement will have on your deliberations at the end of the case." Model Jury Charge (Civil), 1.11G.

Contrary to the initial charge (1.11G), the final charge does not explain the effect that the settlement will have on the jury's deliberations. In pertinent part, that charge reads: "You are not to speculate as to the reasons why the plaintiff and defendant settled their dispute. You should not be concerned about the amount, if any, that may have been paid to resolve the claim against that defendant." Model Civil Jury Charge (Civil), 1.17. As clear from this model charge, there is no effect of a settlement upon a jury's deliberation. The fact that a tortfeasor settled, for whatever reason, is completely irrelevant and obviously, highly prejudicial to a plaintiff. This rationale is analogous to the prejudice and corresponding proscription against airing the existence of insurance coverage to a personal injury jury.

▆▆▆▆ A settling co-defendant charge seems to have become conflated with comparative negligence issues. Model Jury Charge (Civil), 1.17 concerning a settling defendant deals with the same points of law addressed in Model Jury Charge (Civil), 7.30 "Comparative Negligence—(Auto)—All Issues" (2011) and Model Jury Charge (Civil), 7.31 "Comparative Negligence: Ultimate Outcome" (2013). Comparative negligence issues always potentially exist in a personal injury case regardless of whether an alleged tortfeasor settled with the plaintiff prior to trial. Potentially culpable parties do not become tortfeasors by settling with the plaintiff. *See Theobald v. Angelos*, 44 *N.J.* 228, 233, 208 *A.2d* 129 (1965), ("[W]hether a settling party is a tortfeasor is a triable issue of fact . . . ."), citing *Hoeller v. Coleman*, 73 *N.J.Super.* 502, 180 *A.2d* 333 (App. Div.), certif. denied, 38 *N.J.* 362, 184 *A.2d* 868 (1962). If a defendant at trial establishes a prima facie case of negligence

against a party who settled, then that settling party will appear on the verdict sheet for the jury's consideration. In other words, the percentage of negligent conduct attributable to that party will be considered and determined by the jury, just as a jury does when considering comparative negligence on the part of the plaintiff. Nothing about this analysis even remotely suggests that the jury should be told that that settling party paid money to the plaintiff. This is especially dangerous given that the jury is not allowed to hear how much was paid by that party. Logically, if a jury was to be informed as to the amount paid by a settling defendant, then they would also need to know the law with regard to credits to which a defendant at trial would be entitled. It is well established that it is improper to tell a jury either the amount of money that was paid by a settling party and/or whether and how a defendant at trial is entitled to a credit on account of that settlement. Clearly therefore it makes no sense at all to inform the jury that a party that they have never seen, settled.

Defendants at trial naturally welcome the settling co-defendant charge because it clearly conveys to a factfinder that someone else, other than the defendant(s) at trial, was at least partially, if not wholly, responsible for the accident. The fact that the charge comes from the judge would logically increase its appeal to a defendant at trial. On the other hand, it certainly stands to reason that a plaintiff would consider a jury instruction about a settling defendant to be a negative.

If a defendant settles during trial, then it is logical that the jury should be told something about why that party is no longer participating in the case. Short of that particular state of affairs it simply makes no sense for a court to tell a jury that there were other defendants in the case but they settled before the trial began. Such information is not relevant and it is highly and unduly prejudicial. Also, as a matter of law, such an instruction can never be evidential given that a court does not testify. *N.J.R.E.* 605; *see Drozdowski v. Mayor and Borough Council of Sayreville,* 133 *N.J.L.* 536, 539, 45 *A.*2d 313 (Sup. Ct. 1946).

As a final note, perhaps the words "settled," "settling," "settlement," "amount," and/or "paid" should never be used in explaining the absence of a defendant who was present for part of a trial and then ceased participating because of a settlement. Perhaps it would be more prudent to simply tell the jury that that particular defendant "is no longer a part of this case and that they (the jury) should not be concerned with nor speculate about the reasons that is so."